**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Stephen Andrews**

    v.                                        Case No. 19-cv-817-PB
                                              Opinion No. 2019 DNH 204

**Earl's Restaurants USA Inc. and**
**Earl's Restaurants Ltd.**

**ORDER**

Pro se plaintiff Stephen Andrews ("Plaintiff" or "Andrews) initiated a civil suit against Earl's Restaurants USA Inc. and Earl's Restaurants Ltd. (collectively "Defendants" or "Earl's Restaurants") in Rockingham County Superior Court on July 2, 2019. On August 6, 2019, Earl's Restaurants removed the action to federal court, invoking this court's jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441 on the basis that there is complete diversity of citizenship between the parties and the amount of controversy exceeds $75,000.

As courts of limited jurisdiction, federal courts have a duty to inquire sua sponte into the existence of their own subject-matter jurisdiction. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). The parties have clearly established that

diversity of citizenship exists,[1] leaving only the amount in controversy in question.

Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). If the complaint does not provide for such a sum, then "the notice of removal may assert the amount in controversy . . . ." Id. § 1446(c)(2)(A); accord Forrence v. Koch, 18-cv-134-LM, 2018 WL 3360760, at *3 (D.N.H. July 9, 2018). Nonetheless, "a removing defendant's simple say-so will not suffice to demonstrate that a case meets the jurisdictional threshold." Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220 (D.N.H. 2004); accord McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936) ("If [a defendant's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed.").

When "the court questions . . . the defendant's allegation," Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014), then "both sides submit proof and the

---

[1] Andrews is a citizen of New Hampshire. Notice of Removal, Doc. No. 1 at 1 ¶ 3. Earl's Restaurants USA Inc. is a citizen of Nevada and Canada. Doc. No. 1 at 2 ¶ 4. Earl's Restaurants Ltd. is a citizen of Canada. Doc. No. 1 at 2 ¶ 5.

court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied," id. at 88; see 28 U.S.C. § 1444(c)(2)(B). To that end, the parties may "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." Evans, 326 F. Supp. 2d at 220 (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995)).

"Consistent with New Hampshire practice, no specific amount of damages is claimed in the complaint," Forrence, 2018 WL 3360760, at *3 n.2 (citing N.H. Rev. Stat. Ann. § 508:4-c), initially filed by Andrews in state court.[2] Asserting that removal is valid under this court's diversity jurisdiction, Earl's Restaurants has alleged only that "the matter in controversy exceeds the sum or the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states." Notice of Removal, Doc. No. 1 at 1 ¶2. This "simple say-so" does not suffice to establish the amount in

---

[2] Andrews's service document states, "Claim: $400,000," Doc. No. 1-1, but it is not clear that this perfunctory statement satisfies the removal procedure outlined in 28 U.S.C. § 1446(c)(2). Regardless, because Earl's Restaurants gave equally fleeting attention to the basis for the amount in controversy in the notice of removal, I am obligated to inquire sua sponte whether I may exercise diversity jurisdiction over this case, which triggers the evidentiary requirement in 28 U.S.C. § 1446(c)(2)(B).

3

controversy required upon removal to this court. See Evans, 326 F. Supp. 2d at 220.

Accordingly, defendants shall have fourteen (14) days to file a memorandum with any supporting materials demonstrating that this court has subject matter jurisdiction. Plaintiff shall have seven (7) days to respond to defendants' memorandum. If the defendants fail to file this memorandum, I will determine the existence of subject matter jurisdiction on the parties' current filings.

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

December 3, 2019

cc: Stephen Andrews, pro se
    Michael D. Ramsdell, Esq.