**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Stephen Andrews**

    v.

**Earl's Restaurants USA Inc. and**
**Earl's Restaurants Ltd.**

Case No. 19-cv-817-PB
Opinion No. 2019 DNH 210

**MEMORANDUM AND ORDER**

Pro se plaintiff Stephen Andrews ("Plaintiff" or "Andrews") has sued Earl's Restaurants USA Inc. and Earl's Restaurants Ltd (collectively "Defendants" or "Earl's Restaurants") for one count of breach of contract and one count of identity theft and fraud. Earl's Restaurants filed a motion to dismiss the identity theft and fraud claim, asserting that Andrews has no private right of action under federal or state criminal identity theft statutes. For the reasons that follow, I grant Earl's Restaurants's motion to dismiss the identity theft and fraud claim.

**I. BACKGROUND**

Earl's Restaurants employed Andrews as the Vice President of Real Estate from January 9, 2012 through August 9, 2018. Am. Compl., Doc. No. 12 at 2 ¶¶ 13, 15; 3 ¶ 17. During Andrews's employment, Earl's Restaurants listed him as a director on

corporation documents filed with the Massachusetts and Texas Secretary of State Offices. <u>See</u> Doc. No. 12 at 5 ¶ 41. Earl's Restaurants terminated Andrews on August 9, 2018. Doc. No. 12 at 3 ¶ 23. Nevertheless, Andrews erroneously appeared as a director in documents subsequently filed by Earl's Restaurants with those offices. <u>See</u> Am. Answer, Doc. No. 17 at 6-7 ¶¶ 41, 42; <u>see also</u>, Doc. No. 12 at 5 ¶¶ 41, 42.

Andrews alleges that Earl's Restaurants failed to remove him, a citizen of New Hampshire, as a director on the Massachusetts filings in order "to remain in compliance with US citizenship requirements for liquor licensing under" Massachusetts law. Doc. No. 12 at 5-6 ¶ 43. He also claims that he "was forced to expend his own funds to hire an attorney to . . . file a Notice of Resignation with the Massachusetts Secretary of State" and that his subsequent "request for reimbursement from [Earl's Restaurants] was rejected." Doc. No. 12 at 6 ¶ 44.[1] Andrews contends that, by filing the state documents that erroneously included him as a director, Earl's Restaurants used his "identity without authorization or consent." Doc. No. 12 at 7 ¶ 50. He seeks "damages in the

---

[1] Andrews does not mention whether he took action to remedy the State of Texas filings.

payment of fees and costs to remove [his] name from the corporate records . . . ." Doc. No. 12 at 7 ¶ 51.

Earl's Restaurants has filed a motion to dismiss the identity theft and fraud claim pursuant to Rule 12(b)(6), asserting that Andrews has failed "to state a claim upon which relief can be granted." Mot. to Dismiss Identity and Fraud Cl. Pursuant to Fed. R. Civ. P. 12 (b)(6), Doc. No. 18; accord Fed. R. Civ. P. 12(b)(6).

## II.  **STANDARD OF REVIEW**

To overcome a motion to dismiss under Rule 12(b)(6), the plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Under this plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This pleading requirement demands "more than a sheer possibility that [the] defendant has acted unlawfully," or "facts that are merely consistent with [the] defendant's liability." Id. Although the complaint need not set forth detailed factual allegations, it

3

must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

In evaluating the pleadings, I remove any conclusory statements from the complaint, and then I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations to determine if the claim is plausible. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). I "may also consider 'facts subject to judicial notice, implications from documents incorporated into the complaint, and concessions in the complainant's response to the motion to dismiss.'" Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

### III. **ANALYSIS**

Because Andrews is a pro se litigant, I construe his complaint very liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Boivin v. Black, 225 F. 3d 36, 43 (1st Cir. 2000). Even so, his complaint states only a conclusory claim for relief. In his objection to the motion to dismiss, he explains that the sole basis of his identity theft and fraud claim is the Massachusetts criminal identity theft statute. Mem. of Law in Support of Obj. to Mot. to Dismiss Identity Theft and

Fraud Claim Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. No. 19-1 at 2; accord Mass. Gen. Laws Ann. ch. 266, § 37E.

Andrews's claim for relief fails because no private right of action for damages exists under either the Massachusetts criminal identity theft statute or its federal law counterpart.[2]

## IV. CONCLUSION

For the reasons explained above, I grant the motion to dismiss the identity theft and fraud count (Doc. No. 18).

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

December 17, 2019

cc: Stephen Andrews, pro se
    Michael D. Ramsdell, Esq.

---

[2] Defendants raise and reject other possible legal theories that Andrews might have raised to support his claim. Because Andrews argues that his identity theft and fraud claim is based solely on the Massachusetts identity theft statute, I need not consider defendants' arguments challenging potential claims based on alternative theories.

5